IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

**FILED**

AUG 1 2 2013

Clerk, U.S. District Court
District Of Montana
Missoula

---

| | |
|---|---|
| RODNEY E. WATSON, | Cause No. CV 12-166-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK; STATE OF MONTANA, | |
| Respondents. | |

---

On September 27, 2012, Petitioner Rodney Watson filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Watson is a state prisoner proceeding pro se.

On January 9, 2013, for reasons explained in the Order of that date, Respondent ("the State") was ordered to file an Answer. It complied on February 22, 2013. Watson filed a Reply on April 29, 2013.

Due to a clerical error, however, Watson's correct name was not searched in the Court's records before the State was ordered to respond. It is now evident that the instant petition is at least Watson's third under § 2254 in this Court.

1

Watson was convicted in 1983 of attempted deliberate homicide, aggravated assault, and burglary. He was designated a persistent felony offender and sentenced to three consecutive terms of 100 years each in prison. He appealed, asserting that the jury was not correctly instructed on his mental-state defense and that his sentence constituted cruel and unusual punishment. On August 3, 1984, the Montana Supreme Court affirmed his conviction and sentence. *State v. Watson*, 686 P.2d 879, 880-81 (Mont. 1984).

On February 9, 1994, Watson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. He challenged his 1983 conviction and 300-year consolidated sentence for attempted deliberate homicide, burglary, and assault. Pet. at 1 ¶¶ 1-4, *Watson v. Gamble*, No. CV 94-19-M-CCL (D. Mont. file opened Jan. 31, 1994). On May 30, 1995, United States District Judge Charles C. Lovell dismissed the petition as an abuse of the writ. Order (doc. 18) at 2; *see also* Rule 9(b), Rules Governing § 2254 Cases (1976). On August 21, 1995, the Ninth Circuit Court of Appeals denied a certificate of probable cause. Order (doc. 25) at 1, *Watson v. Gamble*, No. 95-35733 (9th Cir. Aug. 12, 1995).

That petition was an abuse of the writ because Watson had previously filed a federal habeas petition under 28 U.S.C. § 2254 on September 25, 1985. *See* Pet. at 2-3 ¶¶ I-IV, 4-5 ¶ VII, *Watson v. Risley*, No. CV 85-175-CCL (D. Mont. filed Sept.

2

25, 1985), *appended to* State's Mem. in Supp. of Mot. to Dismiss (doc. 6), App. C, *Watson*, No. CV 94-19-M-CCL. It was denied on the merits. The Ninth Circuit Court of Appeals affirmed its denial on August 15, 1989, *Watson v. Risley*, 883 F.2d 1025, 1989 WL 95461 (9th Cir. Aug. 15, 1989) (unpublished mem. disp.), *appended to* State's Mem., App. D. The United States Supreme Court denied a writ of certiorari on January 8, 1990. Letter from Clerk, *appended to* State's Mem., App. E.

Consequently, the instant petition is at least Watson's third challenging his conviction and 300-year sentence for attempted deliberate homicide, aggravated assault, and burglary, entered in Missoula County on March 28, 1983. *See* Sentence and Judgment, No. 6198/71 (Mont. 4th Jud. Dist. Mar. 28, 1983), *appended to* State's Mem., App. C at 11-14,[1] *Watson*, No. CV 94-19-M-CCL; *see also* Sentence and Judgment (doc. 10-4) at 1-3.

District courts lack jurisdiction even to consider a second or successive challenge to a conviction. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Watson's third petition should be dismissed.

A certificate of appealability should be denied. Watson's claims do not appear to be substantial but, at any rate, there is no doubt whatever about the procedural ruling. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012).

---

[1] Page 12 of Appendix C, page 2 of the Judgment, is duplicated in the State's filing.

3

Transfer of the petition to the Court of Appeals is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b). Watson attempted to raise his persistent felony offender claim in his 1994 petition. *See* Br. (doc. 12) at 1-2. There is no reason to think he could not also have raised the claim regarding his plea. *E.g., Missouri v. Frye,* __ U.S. __, 132. S. Ct. 1399, 1408 (2012) (citing *United States v. Blaylock,* 20 F.3d 1458, 1466 (9th Cir. Jan. 18, 1994)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Watson may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Watson files objections, he must itemize each factual finding to which objection is made and must identify the

evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Watson from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Watson must immediately inform the Court and opposing counsel of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 12th day of August, 2013.

Jeremiah C. Lynch
United States Magistrate Judge