

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RODNEY E. WATSON,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>MARTIN FRINK; STATE OF MONTANA,<br><br>　　　　　　Respondent. | CV 12–166–M–DLC<br><br>ORDER |

　　　　Petitioner Rodney E. Watson, a state prisoner proceeding *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watson challenges his state convictions for attempted deliberate homicide, aggravated assault, and burglary, and he contests his designation as a persistent felony offender.

　　　　United States Magistrate Judge Jeremiah Lynch entered findings and recommendations in this matter on August 12, 2013. (Doc. 16.) Judge Lynch recommends that the Court dismiss the petition as a second or successive application pursuant to 28 U.S.C. § 2244(b)(2), and deny a certificate of appealability ("COA"). Watson timely objected, thereby preserving his right to *de*

*novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Watson appears to object to both of Judge Lynch's recommendations, and the Court will address each in turn.

Much of Watson's objection to the findings and recommendations (Doc. 17) is based on conclusory and unsupported allegations of conflict of interest and impropriety that amount to personal attacks on Judge Lynch's character. This Court holds Judge Lynch in the highest regard. The Court will not address these allegations beyond stating that they are utterly baseless.

Judge Lynch recommends dismissing Watson's petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Judge Lynch found that the instant petition is at least Watson's third habeas petition challenging his conviction and 300-year sentence, which were entered in Missoula County on March 28, 1983:

- On September 25, 1985, Watson filed a federal habeas petition under 28 U.S.C. § 2254, which was denied on the merits. The Ninth Circuit affirmed the denial, and the United States Supreme Court denied a writ of certiorari.

- On February 9, 1994, Watson filed another petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he challenged his conviction and sentence. In May of 1995, the Court dismissed the petition as an abuse of the writ, due to Watson's previous petition. The Ninth Circuit denied a certificate of probable cause.

Having reviewed the records in these cases, the Court will adopt Judge Lynch's findings as to the previous habeas petitions.

The law is clear that without an order from the Ninth Circuit Court of Appeals, this Court lacks jurisdiction to consider a second or successive challenge to a conviction. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Despite Watson's protestations to the contrary, lack of jurisdiction is not merely a "judicial loophole to dismiss," (Doc. 17 at 1) and the Court will not ignore its clear and statutorily drawn jurisdictional boundaries in this case.

Accordingly, Judge Lynch's recommendation to dismiss Watson' petition will be adopted.

Although Watson does not specifically object to Judge Lynch's recommendation that a COA be denied, he repeatedly takes issue with Judge Lynch's statement that his claims "do not appear to be substantial." Since Judge Lynch makes this statement in the section of his findings and recommendations in which he addresses the COA, the Court will review that issue *de novo*.

The Supreme Court has held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted); *see also Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012).

As discussed above, Watson's petition is incontrovertibly barred on procedural grounds, and no reasonable jurist could conclude otherwise. Thus, no appeal is warranted, and the Court need not address Watson's claims and whether or not they are substantial. Finally, the Court agrees with Judge Lynch that transfer of the petition to the Ninth Circuit is not in the interest of justice.

Upon *de novo* review, the Court agrees with Judge Lynch's findings and recommendations (Doc. 16) and therefore adopts them in full.

Accordingly, IT IS ORDERED that Mr. Watson's Petition is DISMISSED, and a certificate of appealability is DENIED.

The Clerk of Court is instructed to enter a judgment of dismissal in favor of Respondents and against Petitioner by separate document.

Dated this 20th day of November, 2013.

Dana L. Christensen, Chief Judge
United States District Court